MICHAEL J. ALVES vs. JOHN A. HAYES & others.

Worcester. March 6, 1980. — July 1, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Governmental Immunity. Municipal Corporations,* Liability for tort,
   Officers and employees. *Public Officer. Libel and Slander.*

Selectmen are not vicariously liable for the acts of town employees.
   [57-59]

CIVIL ACTION commenced in the Superior Court on April
7, 1978.

The case was heard by *Meagher, J.,* on a motion to
dismiss.

After review was sought in the Appeals Court, the
Supreme Judicial Court, on its own initiative, ordered
direct appellate review.

*John P. Cosgriff* for the plaintiff.

*Robert S. Phillips,* Town Counsel, for Richard T. Moore
& another.

BRAUCHER, J. This is an action for damages for libel and
slander against a town and present and former members of
its board of selectmen. The action has been dismissed under
Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), against all
the defendants except Hayes, and the plaintiff's appeal
presents the question whether selectmen are vicariously
liable for the torts of "their agent, employee and designee."
We hold that they are not, and affirm the judgment ap-
pealed from. See *Morash & Sons* v. *Commonwealth,* 363
Mass. 612, 624 n.7 (1973).

The action was brought on April 7, 1978. The defendant
Hayes answered, and the defendant town of Hopedale and
the other four defendants moved for dismissal. The motion
was allowed, judgment was entered for the defendants

Moore and Phillips and the defendant town, and the plaintiff appealed from the judgment for the defendants Moore and Phillips. We transferred the case to this court on our own motion.

The complaint contains four counts. Count 1 alleges that the plaintiff on April 10, 1975, was the program development specialist of the Blackstone Valley Consortium Comprehensive Employment and Training Act Office (CETA), that the defendant Hayes was a selectman of Hopedale and chief executive officer of the CETA office, and that Hayes published two libels, on April 10, 1975, and February 2, 1977. Count 2 repeats the same allegations and adds slander on April 10, 1975. Counts 3 and 4 substantially repeat the same allegations, adding that the other four individual defendants are present or former selectmen of Hopedale and that the town and its then selectmen, the defendants Moore and Phillips, "by their agent, employee and designee as Chief Executive Officer of the aforesaid CETA office, John A. Hayes," published the 1975 libel and slander, and "by their agent, employee, fellow board member and designee, John A. Hayes as Chief Executive Officer of the aforesaid CETA office" published the 1977 libel.

The present case arose before the effective date of G. L. c. 258, as appearing in St. 1978, c. 512, § 15, applicable by § 16 to causes of action arising on or after August 16, 1977. Moreover, the immunity granted to public officers by G. L. c. 258, § 2, is under § 10 (c), inapplicable to claims for libel and slander. We therefore look to the traditional rule that "public officers engaged wholly in the performance of public duties are personally liable only for their own acts of misfeasance in connection with ministerial matters." *Morash & Sons* v. *Commonwealth,* 363 Mass. 612, 624 n.7 (1973), and cases cited. The town was not liable for the acts of its officers under the doctrine of respondeat superior, the immunity of the town implied immunity of its board of selectmen, and the members of the board were not personally liable for the acts of town employees. *Oeschger* v. *Fitzgerald,* 2 Mass. App. Ct. 472, 474 (1974).

The complaint did not allege any acts of misfeasance on the part of the defendants Moore and Phillips. If the plaintiff can amend his complaint to allege such acts, he may seek leave to amend his complaint under Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974). See *Jessie* v. *Boynton,* 372 Mass. 293, 295 (1977); *Charbonnier* v. *Amico,* 367 Mass. 146, 154 (1975); *Cohen* v. *Illinois Inst. of Technology,* 581 F.2d 658, 662 (7th Cir. 1978), cert. denied, 439 U.S. 1135 (1979). We do not pass on the question whether any such acts were "ministerial," nor on any question as to the scope of any immunity or privilege for acts which are not ministerial. See *Gildea* v. *Ellershaw,* 363 Mass. 800, 820-825 (1973); *Whitney* v. *Worcester,* 373 Mass. 208, 220-221 (1977).

The judgment is affirmed, but without prejudice to an application in the Superior Court, within forty days of the date of the rescript, for leave to file an amended complaint against the defendants Moore and Phillips.

*So ordered.*