**NASHOBA VALLEY CHRISTIAN FELLOWSHIP INC., and Martin M. Cassity, Jr., Plaintiff,**

**v.**

**TOWN OF AYER, et al., Defendants.**

**Civ. A. No. 85–297–Y.**

United States District Court, D. Massachusetts.

Dec. 12, 1985.

Thomas E. Lilly, Bowmar, Larkin, Lilly & Barton, Ayer, Mass., Leslie Bloomenthal, Peter McNamara, Sisson, Lee, Bloomenthal, Boston, Mass., for plaintiff.

Harry B. Dougherty, Boston, Mass. (International Brotherhood of Police Officers) for Ahern.

Robert E. Noonan, Law Offices of Robert E. Noonan, Boston, Mass., for Town of Ayer.

Cheri L. Crow, Parker, Coulter, Daley, White, Boston, Mass., for Kevin Ahearn, Connors, Ayer.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The Nashoba Valley Christian Fellowship, Inc. (the "Fellowship") is a religious and charitable corporation dedicated to the propogation of the Christian religion. Martin Cassity, Jr. is an ordained minister and president of the Fellowship. Since 1976 Cassity and other members of the Fellowship have engaged in a "public street ministry" on the sidewalks of the town of Ayer, Massachusetts. The public street ministry involves handing out Gospel tracts, conversing with people of all ages in the town and encouraging them to visit the Fellowship's church. From May, 1976 to March, 1983 Cassity and others openly and freely pursued their public street ministry without hinderance on the ways and sidewalks of the town of Ayer.

This lawsuit arises out of the alleged March, 1983 decision of Phillip Connors, the Ayer Chief of Police, to prevent Cassity and other members of the Fellowship from practicing their public street ministry. The complaint alleges numerous instances between May, 1983 and September, 1984 in which members of the Ayer police force "harassed" Cassity while he attempted to discuss his religious beliefs with others on Ayer sidewalks. In addition, the complaint alleges that on September 22, 1984 officer Kevin Ahern of the Ayer police arrested Cassity without probable cause and in an excessively brutal manner.

Cassity and the Fellowship have brought suit against the Town of Ayer, Connors, and Ahern alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986 (Counts I and II), violations of the Massachusetts Civil Rights Act (Count III), malicious prosecution (Count IV), false imprisonment (Count V), assault and battery (Count VI), intentional infliction of emotional distress (Count VII), and "intentional harassment and interference in beneficial interest" (Count VIII).[1] The case is now before the Court on the motions of the various defendants for partial dismissal.

### A. Town of Ayer

The town of Ayer moves for dismissal of Counts IV–VIII (the state law tort claims) on the ground of sovereign immunity. Massachusetts General Laws Chapter 258 governs the scope of liability of municipalities in the Commonwealth. Section 10 of chapter 258 specifically excludes from its coverage each and every one of the state torts alleged in the complaint. Thus, Counts IV–VIII must be dismissed as against the town of Ayer.

The town also moves to dismiss Counts I and II insofar as they allege violations of 42 U.S.C. §§ 1985 and 1986. In *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that proof of a class-based invidiously discriminatory motive is an element of the cause of action under 42 U.S.C. § 1985(3).[2] 403 U.S. at 102, 91 S.Ct. at 1798. The complaint in this case does not allege such an impermissible motive. Counts I and II therefore are dismissed without prejudice insofar as they allege violations of §§ 1985 and 1986. The plaintiffs may amend the complaint in the future if, consistent with Rule 11 of the Federal Rules of Civil Procedure, they can allege sufficient facts to state a claim under § 1985.

Finally, the town moves to dismiss the claims under the Massachusetts Civil Rights Act (the "Act"). Mass.Gen.Laws ch. 12, §§ 11H and 11I. The town argues that such an action is precluded by chapter 258. In passing the Act, the Massachu-

---

1. At oral argument plaintiffs represented that Count VIII was more accurately described as a claim of intentional interference with an advantageous relationship. The Court rules that Count VIII reasonably is susceptible of such an interpretation.

2. Section 1985(3) of 42 U.S.C. provides that if two or more persons conspire to deprive "any person, or class of persons of the equal protection of the laws" then the injured person may have an action for the recovery of damages. This is the only subsection of § 1985 that could conceivably apply to this case.

setts legislature "intended to provide a remedy ... coextensive with 42 U.S.C. § 1983, except that the federal statute requires state action whereas its state counterpart does not." *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822–23, 473 N.E.2d 1128 (1985). In *Bell v. Mazza*, 394 Mass. 176, 474 N.E.2d 1111 (1985), the Massachusetts Supreme Judicial Court interpreted the Act in a broad, remedial fashion. 394 Mass. at 181–85, 474 N.E.2d 1111;[3] *see also, Moran v. Angelo's Supermarkets, Inc.*, Suffolk Superior Ct. 73697 (memorandum and order, April 29, 1985 at 4), 13 Mass. Lawyers Weekly 1133 (May 13, 1985) (interpreting *Bell* as making the Act applicable to *"every* violation of 'law', including the common law of the Commonwealth ... if accomplished by threats, intimidation or coercion.") Faced with these expansive declarations by the Massachusetts courts, this Court is unwilling to rule that chapter 258 precludes a civil rights action against a municipality. The Supreme Judicial Court's holding that the state statute is at least as broad as § 1983 counsels against a finding that municipalities are immune under the Act.[4] *Cf. Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978).

### B. *Police Chief Connors*

Connors has moved to dismiss the state tort law claims.[5] He argues that since he is not Officer Ahern's employer he cannot be held vicariously liable for Ahern's acts. As Connors seeks dismissal under Fed.R.Civ.P. 12(b)(6), the burden is on him to establish "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Here, the complaint can be read to allege that Connors is directly, not vicariously, liable for most of the state law torts. Paragraph 11 of the complaint alleges[6] that Connors "established ... a law enforcement policy" which ultimately led to most of the tortious conduct. Similarly, paragraph 12(E) alleges that on September 8, 1984 an officer who was harassing Cassity told him, "we follow our god, the chief of police." Taken together these allegations put Connors on notice that the plaintiffs seek to prove that much of the tortious conduct complained of was undertaken pursuant to the chief's orders. Only Count VI (assault and battery) is unsupported by any allegation of encouragement by Connors. Therefore, the motion to dismiss is allowed as to Count VI and denied as to the other state tort law claims.

### C. *Officer Ahern*

Officer Ahern has moved to dismiss Count III, and partially dismiss Counts I and II. For reasons already discussed the motion is denied as to Count III and allowed without prejudice as to Counts I and II insofar as those counts allege violations of 42 U.S.C. §§ 1985 and 1986.

To summarize, it is hereby ORDERED that:

1. Counts I and II are dismissed as to all the defendants, without prejudice, insofar

---

3. "The decision in *Bell v. Mazza* may well be a double edged sword.... [T]he potential reach of the [Massachusetts Civil Rights Act] after *Bell* is a legitimate cause of concern to those ... who view its main purpose as offering an important remedy for deprivation of civil rights/civil liberties and who envision that its main purpose will be deleted (sic; "diluted"?) by the breadth of the statute's reach." R. Sherman & R. Goldman, *The Development of the Massachusetts Civil Rights Act*, 29 Boston Bar Journal (No. 4) 14 n. 4 (1985).

4. In addition, Chapter 258 by its terms applies only to municipal "liab[ility] for injury or loss of property or personal injury or death." Mass. Gen.Laws ch. 258, § 2. In this case Cassity and

the Fellowship seek, *inter alia,* declaratory and injunctive relief enjoining application of the town's anti-loitering "policy" to their public street ministry. This is another reason for denying the town's motion to dismiss Count III.

5. Connors also moves to dismiss Counts I and II insofar as they rely on 42 U.S.C. §§ 1985 and 1986. For the reasons already discussed this motion is allowed without prejudice.

6. For purposes of this motion to dismiss all factual allegations of the complaint, of course, are taken as true. *Armano v. Federal Reserve Bank of Boston*, 468 F.Supp. 674, 675 (D.Mass. 1979).

as those counts allege violations of 42 U.S.C. §§ 1985 and 1986.

2. Counts IV–VIII are dismissed as against the town of Ayer.

3. Count VI is dismissed as against Connors.

4. All other motions are denied.