**Claire APPLING, Plaintiff,**

v.

**CITY OF BROCKTON, et al.,
Defendants.**

Civ. A. No. 85–1439–Mc.

United States District Court,
D. Massachusetts.

Sept. 8, 1986.

On Motion for Reconsideration
Dec. 8, 1986.

---

Kevin G. Powers, Johnson & Powers, P.C., Lynn, Mass., for plaintiff.

Regina Williams Tate, Murphy, Hesse, Toomey and Lehane, Braintree, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter comes before the Court on the defendants' motion to dismiss Counts II and V of the complaint. The plaintiff has filed an opposition and both sides have filed supporting memoranda and have favored the Court with oral argument.

The plaintiff, an employee of the Brockton School Department, applied for the position of Administrative Assistant for Personnel for the Brockton School Department and was rejected. She alleges that the slot was filled by a male who is younger and less qualified than she. Appling claims that the decision not to hire her was discriminatory in that it was based solely on her sex and age. In her complaint against the City of Brockton, the City of Brockton School Department and School Committee and the individual members and administrators of the School Department and School Committee, the plaintiff alleges violations of Title VII (Count I), 42 U.S.C. § 1983 (Count II), the ADEA (Count III), Mass. General Laws c. 151B (Count IV), and Mass.General Laws c. 12, § 11I (Count V). The defendants pursuant to Fed.R.Civ.P. 12(b) move to dismiss Counts II and V, wherein lie plaintiff's § 1983 and Massachusetts Civil Rights Act claims respectively, for failure to state a claim upon which relief may be granted.

Count II itself contains no allegations but merely incorporates by reference nearly all the allegations contained in Count I. Counts I and II in their entirety are as follows:

## COUNT I—VIOLATION OF TITLE VII

1) The defendants are employers within the meaning of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e.

2) The plaintiff is a female whose date of birth is June 22, 1933, and hwo [sic] was 50 years of age at all times relevant to this Complaint.

3) The plaintiff has been employed by the Brockton School Department since 1954 and continues to be so employed.

4) On or about November 25, 1983 the plaintiff learned that the position of Administrative Assistant for Personnel for the Brockton School Department was becoming open.

5) On November 28, 1983 the plaintiff formally applied for the position of Administrative Assistant for Personnel for the Brockton School Department.

6) The plaintiff was not hired for the position of Administrative Assistant for Personnel and Anthony Luizzi, a male, who was younger than the plaintiff was hired for the position.

7) The plaintiff was more educationally qualified, had more teaching experience, more administrative experience and was generally more qualified for the position than Anthony Luizzi.

8) The defendants' decision not to hire the plaintiff was on account of her sex.

## COUNT II—VIOLATION OF 42 U.S.C. § 1983

1) The plaintiff realleges, reaffirms and incorporates by reference the facts and allegations contained in paragraphs 1 through 7 of COUNT I.

The Civil Rights Act of 1871, 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

As has been said many times before, § 1983 creates no substantive rights but rather provides a remedy for violations of federal statutory as well as constitutional law. *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Therefore, to state a cognizable claim under § 1983, an individual must identify a protected constitutional or federal statutory right.

A state or local employee claiming job discrimination typically invokes § 1983 to remedy alleged violations of Fourteenth Amendment rights. In the present case, however, the plaintiff bases her 1983 claim solely on a violation of federal statutory law, Title VII. This raises the issue of whether a violation of the rights conferred by Title VII can be the sole basis of a § 1983 cause of action, or stated another way, are the rights conferred by Title VII federally protected rights for purposes of § 1983?

■ Several courts have addressed the issue. The Supreme Court in *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), held that causes of action under 42 U.S.C. § 1985(3) (which provides a remedy for deprivations of federal civil rights caused by conspiracies) cannot be based solely on violations of Title VII. This Court, in *LeBoeuf v. Ramsey*, 503 F.Supp. 747 (D.Mass.1980) extended the holding of *Novotny* to causes of action brought under § 1983. In his Memorandum and Order, Judge Keeton stated that *Novotny* "indicates by implication that a right created by Title VII can not be the basis for a cause of action under § 1983." *Id*, at 754. Likewise, the Court of Appeals for the Sixth Circuit has held that "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII." *Day v. Wayne County Board of Auditors*, 749 F.2d 1199, 1204 (6th Cir.1984). Both the *LeBoeuf* and *Day* courts were persuaded by the *Novot-*

*ny* rationale: allowing a Title VII claim to be asserted by way of § 1983 would enable a claimant to bypass the detailed administrative processes of Title VII and proceed directly into court under § 1983, thereby frustrating the elaborate scheme established by Congress. I find this reasoning persuasive as well and therefore dismiss the § 1983 claim as against all defendants.

The defendants also move to dismiss Count V in which the plaintiff asserts a violation of the Massachusetts Civil Rights Act, Mass.Gen.Laws ch. 12, § 11I. Count V, like Count II, realleges those facts contained in Count I and in addition contains the allegation that "[t]he defendants' decision to hire the plaintiff was on account of her sex and/or age." The defendants argue that Count V is defective in that it fails to allege that the defendants interfered with a protected right.

▇▇▇▇ The courts have interpreted the Massachusetts Civil Rights Act (the "Act") broadly. *See Bell v. Mazza*, 394 Mass. 176, 474 N.E.2d 1111 (1985). In *Moran v. Angelo's Supermarkets, Inc.*, Suffolk Superior Ct. 73697 (memorandum and order, April 29, 1985 at 4) the court went so far as to hold that "every violation of 'law', including the common law of the Commonwealth ... if accomplished by threats, intimidation or coercion" gives rise to a cause of action under the Act. *See also, Nashoba Valley Christian v. Town of Ayer*, 623 F.Supp. 542 (D.Mass.1985). Following this expansive trend, this Court then agrees with the plaintiff that the Act applies to violations of Title VII and the Age Discrimination in Employment Act (ADEA). Mere allegations of age or sex discrimination, however, will not make out a cause of action under the Act. To state a viable claim under the Act, the plaintiff must allege facts showing these violations were brought about by threats, intimidation or coercion. Even a liberal reading of the complaint fails to reveal facts that would imply the use of threats, coercion or intimidation by the defendants. The Court therefore must dismiss Count V without prejudice to the filing of an amended complaint.

For the foregoing reasons, the defendants' motion to dismiss Counts II and V is hereby allowed. The plaintiff is hereby given 30 days to file an amended complaint which alleges sufficient facts to state a claim under Mass.Gen.Laws ch. 12, § 11I.

## ON MOTION FOR RECONSIDERATION

This matter comes before the Court on plaintiff's Motion for Reconsideration of this Court's September 8, 1986 order dismissing Counts II and V. The plaintiff has filed a Memorandum in Support, and the defendants have filed an opposing memorandum. In the challenged September 8, 1986 order, I determined that Count II of the plaintiff's Complaint alleged a § 1983 claim based solely on a violation of Title VII. Because I found persuasive case law holding that a § 1983 claim cannot be based solely on a violation of Title VII, I dismissed the § 1983 claim. I also dismissed Count V, a decision that plaintiff does not challenge here.

The plaintiff in her Memorandum in Support of Motion for Reconsideration asserts that this Court was incorrect when it stated that plaintiff based her § 1983 claim solely on an alleged violation of Title VII. The Court, however, adheres to its previous reading of the Complaint. Although the plaintiff might well have intended, as she claims now, to assert in Count II a § 1983 claim based on the due process and equal protection clauses of the Fourteenth Amendment, either instead of or in addition to a § 1983 claim based on Title VII, the language of the Complaint as drafted does not state such a claim. *See* Memorandum & Order, September 8, 1986, at 2–3.

Since the plaintiff intended her Complaint to say something other than what its language conveys, and since she has now made clear to the Court what she intended, I have decided to allow her to amend her Complaint to set forth in Count II a § 1983 claim based on the Fourteenth Amendment due process and equal protection clauses. This decision prevents the plaintiff from being penalized for the less-than-exemplary drafting skills of her counsel. It is my

opinion that Count II will then state a cognizable claim for relief separate from that requested in Count I under Title VII.

The plaintiff has cited cases holding that a person can pursue employment discrimination claims under both Title VII and § 1983, if the § 1983 claim is based on the equal protection clause. *See, e.g., Jensen v. Board of County Commissioners,* 636 F.Supp. 293 (D.Kan.1986). The defendants in response cite cases holding that plaintiff cannot bring § 1983 employment discrimination actions based on the Fourteenth Amendment for conduct also covered by Title VII. *See, e.g., Keller v. Prince George's County Department of Social Services,* 616 F.Supp. 540, 543–44 (D.Md. 1985).

None of the cases cited by either party on this issue come out of this Circuit and none are opinions rendered by other Circuit Courts of Appeals. My research, however, has uncovered a number of Courts of Appeals cases supporting the plaintiff's arguments.. *See Alexander v. Chicago Park Dist.,* 773 F.2d 850, 855–56 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1492, 89 L.Ed. 894 (1986); *Day v. Wayne County Board of Auditors,* 749 F.2d 1199, 1204–05 (6th Cir.1984); *see also Hervey v. City of Little Rock,* 787 F.2d 1223 (8th Cir.1986) (since plaintiff cannot enforce her time-barred Title VII claim through § 1983, she is limited to proving that defendant violated her equal protection rights in order to recover under § 1983). In *Day,* the Sixth Circuit stated: "Where an employee establishes employer conduct which violates both Title VII and rights derived from another source—the Constitution or a federal statute—which existed at the time of the enactment of Title VII, the claim based on the other source is independent of the Title VII claim, and the plaintiff may seek remedies provided by § 1983 in addition to those created by Title VII." *Day, supra,* at 1205; *accord, Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063, 1081–82 (D.Me.1977). "Plainly ... there exists a basic constitutional right to

be free from discrimination based upon sex. As a right secured by the Constitution, it may be enforced in an action brought under Section 1983." *Curran, supra,* at 1083–84 (citations omitted). In this case, therefore, plaintiff's equal protection claim is independent of the Title VII claim so plaintiff may seek both Title VII and § 1983 remedies.

This conclusion about the availability of both remedies here is supported by the legislative history of the 1972 amendments to Title VII, which extended its coverage to governmental employers. *See Day, supra,* at 1204–05. The House Report on these amendments states: "In establishing the applicability of Title VII to State and local employees, the Committee wishes to emphasize that the individual's right to file a civil action in his own behalf, pursuant to ... §§ 1981 and 1983, is in no way affected." H.R.Rep. No. 92–238, *reprinted in* 1972 U.S.Code Cong. & Adm.News 2137, 2154, *quoted in Day, supra,* at 1204. The United States Supreme Court has declared: "§ 1983 is a statutory remedy and Congress retains the authority to repeal it or replace it with an alternative remedy. The crucial consideration is what Congress intended." *Smith v. Robinson,* 468 U.S. 992, 1012, 104 S.Ct. 3457, 3469, 82 L.Ed.2d 746 (1984); *see id.* at 1012–13, 104 S.Ct. at 3469–70 (holding, based in part on the legislative history, that Congress intended to preclude reliance on § 1983 where the Education of the Handicapped Act is available). The House Report relied upon by the *Day* court clearly shows what Congress intended.

The plaintiff is therefore ordered to amend her Complaint as suggested within thirty days if she wishes to present any rights she has to a remedy under § 1983.