Hillman, J.
The matter is before the court on the defendants’ motion summary to Mass.R.Civ.P. 56. For the reasons discussed below, defendants’ motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
The plaintiffs have sued the defendants seeking monetary damages for the alleged failure of the chief of police and the town to protect them from physical and mental abuse that was visited upon them by Thomas McClure the husband and father of the plaintiffs. The plaintiffs’ five-count complaint seeks relief under G.L.c. 12, §§11H and 111 (the Massachusetts Civil Rights Act); G.L.c. 93, §102 (the Massachusetts Equal Rights Act); the Massachusetts Declaration of Rights, specifically Articles I, X, XI, XII, andXVI; G.L.c. 209A (the domestic abuse prevention statute); and, G.L.c. 258 (the Massachusetts Tort Claims Act).
The defendants have filed a motion for summary judgment alleging that the plaintiffs’ complaints are barred by the applicable statutes of limitations, that the complaints fail to state a claim upon which relief may be granted, that the defendant Chief of Police Hunderup is entitled to qualified immunity, and that the alleged failure of the town to protect the plaintiffs is specifically barred by the immunity provision of G.L.c. 258, §§ 10(b) and 10(j).
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l. Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant *681 issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. For purposes of judging whether summary judgment should be granted, the existence of disputed facts is consequential only if those facts have a material bearing on disposition of the case. Norwood v. Adams-Russell Co., 401 Mass. 677, 683 (1988).
I. Is plaintiffs’ action barred by the applicable statute of limitations?
It is undisputed that the applicable statute of limitations with respect to the claims made in this case is three years. G.L.c. 260, §2A (1992 ed.). Five of the six plaintiffs are minors and thus their claims will not begin to run until their 18th birthdays. G.L.c. 260, §7. Plaintiff Donna McClure is of the age of majority and her claims must have arisen within three years preceding the date of the filing of the complaint, i.e. September 1997. She alleges a continuing course of conduct commencing in February 1993 and terminating upon the sale of her home in 1998. It is a question of fact whether the conduct attributed to the defendants was indeed continuing or whether it ended prior to September 1994. Pagliuca v. City of Boston, 35 Mass.App.Ct. 820, 824 (1994).
II. Failure to state a claim under Count I and Count III of the plaintiffs’ first amended complaint
The first count of plaintiffs’ first amended complaint makes a claim for relief under the Massachusetts Civil Rights Act (G.L.c. 12, §§11H and 111) (the "MCRA”). The third count makes a claim directly under the Massachusetts Declaration of Rights. Under the MCRA, the remedy is specifically limited to those instances where a defendant interfered with a plaintiffs rights by “threats, intimidation or coercion.” Bell v. Mazza, 394 Mass. 176, 182 (1985). The MCRA requires an intentional act, in the sense that the actor desires to cause the consequences of his act or he believes that the consequences are substantially certain to result from it. Breault v. Chairman of the Bd. of Fire Comm’rs of Springfield, 401 Mass. 26, 36 n.12 (1987).
Taken in the light most favorable to plaintiffs, there are, in the opinion of this court, material issues of fact as to whether the defendant Hunderup interfered with rights secured to the plaintiffs by the United States and/or the Commonwealth through threats, intimidation, or coercion and whether he violated rights secured directly under the Massachusetts Declaration of Rights. Accordingly, summary judgment is inappropriate for defendant Hunderup on Counts I and III.
Massachusetts’ courts have not yet determined the standard of proof necessary to hold a municipality liable under either the MCRA or the Massachusetts Declaration of Rights. Our Supreme Judicial Court has indicated that it would follow the holding of Monell v. Dep’t of Social Servs. of the City of New York, 436 U.S. 658 (1978). Monell held that a municipality may be liable for civil rights violations committed by its employees “when execution of a government’s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.” Id. at 694. It therefore follows that in order to have municipal liability under the MCRA there must be an allegation of a deprivation of a right secured by the Commonwealth or United States through the “execution of a government’s policy or custom” by threats, intimidation or coercion. Rodrigues v. Furtado, 410 Mass. 878, 889, n. 14 (1991).
It appears from the exhibits submitted by the plaintiffs in opposition to the motion, that the Town of East Brookfield has adopted the so called “weak chief’ statute, G.L.c. 41, §97 (1994 ed.),[3] in which the board of selectmen of the town are the head of the police department (as opposed to the “strong chief’ statute, G.L.c. 41, §97A, which places the police chief as the policy maker of the police department). Since the defendant Hunderup is not the chief law enforcement policy-making official of the town, his conduct cannot be said to represent official policy or custom. Plaintiffs do not allege that they communicated their problems to the selectmen, or that the selectmen executed a policy aimed at threatening, intimidating or coercing plaintiffs from executing their rights.
Here, plaintiffs’ allegation that the town had an “official policy" or “custom" of failing to train, discipline or supervise its employees, without more, fails to state a claim under the MCRA. Rodrigues v. Furtado, 410 Mass. 878, 889 (1991); Andujar v. City of Boston, 760 F.Supp. 238, 241 (D.Mass. 1991); Elizabeth M. Fahey, Municipal Torts and Civil Rights Claims, 80-81 (1998). But see Nashoba Valley Christian Fellowship, Inc. v. Town of Ayer, 623 F.Supp. 542 (D.Mass. 1985) (allegations sufficient to state claim under MCRA for direct, as opposed to vicarious, liability where policy-making police chiefs decision to use police harassment to prevent a “public street ministry” from distributing religious pamphlets).
Moreover, although no Massachusetts case has clearly denied liability under the MCRA on the ground of respondeat superior, interpretations of the federal civil rights act are generally applied by Massachusetts courts in interpreting and applying the MCRA. Duarte v. Healy, 405 Mass. 43, 47 (1989). There is no respondeat superior liability under federal civil rights law, Monell v. Department of Social Services, supra at 694 & n.58, or liability for simply failing to exercise proper supervisoiy control. Stoute v. Berman, 555 F.Supp. 507, 511 (D.Mass. 1976). It therefore follows that in instances like here, there is no respondeat superior liability under the MCRA. Further, the theory of re *682 spondeat superior does not apply to government officials under the common law of the Commonwealth. Alves v. Hayes, 381 Mass. 57, 58 (1980). According to the Alves court, “[t]he town was not liable for the acts of its officers under the doctrine of respondeat superior, the immunity of the town implied immunity of its board of selectmen, and the members of the board were not personally liable for the acts of town employees.” Id. at 58, quoting Oeschger v. Fitzgerald, 2 Mass.App.Ct. 472, 474 (1974).
III.Have the plaintiffs stated a cause of action under G.L.c. 93, §102?
The Massachusetts Equal Rights Act, G.L.c. 93, §102 (1997 ed.) (the “MERA”), extends civil rights protections against discrimination to classes of individuals included in the Massachusetts Declaration of Rights. Subsection (a) of the MERA follows the language of 42 U.S.C. §§1981 and 1982, with several modifications designed to reflect contemporary civil rights standards, i.e. sex, race, color, creed and national origin. See Butler v. RMA Technologies, Inc., 741 F.Supp. 1008, 1012 (D.Mass. 1990); 34 B.B.J. 17 (March/April 1990). The federal statutes have usually been construed together as protecting two rights: (1) the right to make contracts; and, (2) the right to enforce contracts. Patterson v. McLean Credit Union, 491 U.S. 164 (1989).
Defendants claim that the MERA is intended to secure the right of any person to contract freely and to provide state remedies in employment related discrimination cases. Butler v. RMS Technologies, Inc., supra. Plaintiffs acknowledge that the decisions interpreting G.L.c. 93, §102 have been limited to actions involving discrimination in the workplace, Green v. Wyman Gordon Company, 422 Mass. 551 (1996), and Charland v. Muzi Motors, Inc., 417 Mass. 580 (1994), however they ask this court to extend the protection of the MERA to their situation.
Our Supreme Court has held that the “primaiy function in interpreting the [Commonwealth’s] Civil Rights Act is to ascertain the ‘intent of the legislature, as evidenced by the language used and the considering the purposes and remedies intended to be advanced.’ ” Bally v. Northeastern University, 403 Mass. 713, 718 (1989), quoting Glasser v. Director of the Div. Of Employment Sec., 393 Mass. 574, 577 (1984). It is the opinion of this court that the same analysis applies with respect to interpretations of the MERA. In considering the legislative intent in the drafting of the MERA, it is clear that recovery under the MERA was intended to be limited to the employment context, covering all aspects of the employment relationship including harassment and discharge. See, e.g., Senator Olver’s July 18, 1989 letter to Governor Dukakis (where he references the need for legislation to address “discriminatory treatment in the workplace”); Governor Dukakis’s News Release, August 3, 1989 (the MERA “gives back job discrimination protections that the U.S. Supreme Court recently took away”); 34 B.B.J. 17, 18-19 (March/April 1990).
Where the application of the MERA is limited to situations involving discrimination in the workplace, plaintiffs’ allegations fail to state a claim under the MERA. Consequently, summary judgment should enter for the defendants.
IV.The Qualified Immunity of the defendant Hunderup.
The Massachusetts legislature in adopting the Massachusetts Civil Rights Act, intended to adopt the standard of immunity for public officials developed under 42 U.S.C. §1983. Duarte v. Healy, 405 Mass. 43, 47 (1989). The United States Supreme Court has held that most public officials who exercise discretionary functions are entitled to qualified immunity from liability for damages under §1983. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The allegations against the defendant Hunderup are that he engaged in a deliberate campaign to deny the plaintiffs the protections of the Massachusetts Abuse Prevention Law (G.L.c. 209A). There are, in the opinion of this court, material issues of fact with respect to the defendant Hunderup’s conduct, and so summary judgment should not enter on the basis of Hunderup’s qualified immunity.
V. The claims under G.L.c. 209A
The Massachusetts Appeals Court has recently held in the case of Ford v. Town of Grafton, 44 Mass.App.Ct. 715, 726 (1998), that “G.L.c. 209A mandates police officers to act in accordance with the statute. However, we find no language in the statute that holds officers liable for failing to do so.” The plaintiff in Ford made similar claims to the plaintiffs in this case. Accordingly the defendants’ motion for summary judgment on the claims in this case under Count IV of plaintiffs’ First Amended complaint are allowed.
VI. The claims under G.L.c. 258.
The plaintiffs concede that the recent decisions in Ford v. Town of Grafton, supra, and Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318 (1998), do not impose liability upon a municipality under the Massachusetts Tort Claims Act, (G.L.c. 258) for an alleged failure to defend. Accordingly the defendants’ motion for summary judgment on the claims set forth in Count V of plaintiffs’ first amended complaint are allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED defendants’ motion for summary judgment with respect to the Defendant Hunderup on Count I and Count III of the Plaintiffs’ First Amended Complaint be DENIED and on Counts II, IV, and V of that complaint be ALLOWED. It is further ordered that the defendants’ motion for summary judgment with respect to the Town of East Brookfield on all counts of the complaint be ALLOWED.

 See responses of Defendant, Town of East Brookfield to Plaintiffs’ requests for admissions.