**Mazie KELLER**

v.

**PRINCE GEORGE'S COUNTY DEPARTMENT OF SOCIAL SERVICES, et al.**

**Civ. A. No. N–85–793.**

United States District Court, D. Maryland.

Aug. 19, 1985.

Michael H. Feldman, and Ashcraft & Gerel, Washington, D.C., for plaintiff.

Stephen H. Sachs, Atty. Gen., and Mark J. Davis, and Nancy B. Shuger, Asst. Attys. Gen., Baltimore, Md., for defendant Prince George's County Dept. of Social Services.

NORTHROP, Senior District Judge.

Mazie Keller, a black woman, instituted this law suit after denial of a promotion by the Prince George's County Department of Social Services ("Department") and the State of Maryland.[1] She was employed by the Department, and beginning in approximately 1980, was classified as a Case Worker Associate II. In September, 1983, she applied for promotion to the higher salaried position of Case Worker Associate III. Plaintiff claims she was denied the position because of her race.

Plaintiff asserts two causes of action in her suit: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983. The underlying facts for both actions are identical.

The Department has moved to dismiss the section 1983 claim arguing that it is preempted in this instance by the Title VII claim. The Department contends that a 1983 action cannot be maintained for employment discrimination where Title VII provides a concurrent and more comprehensive coverage of the matter. The Department relies on a series of relatively recent decisions to support its position. The plaintiff disputes the application of these holdings to the facts of this case.

Section 1 of the Civil Rights Act of 1871 forbids any person acting under color of state law or regulation from depriving a citizen of rights secured by the Constitution and federal laws. 42 U.S.C. § 1983.

Title VII of the 1964 Civil Rights Act prohibits an employer (of at least 15 persons) to hire, discharge or discriminate against any individual with respect to any of the conditions of employment because of such individual's, race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2.

█ The plaintiff, Mazie Keller, alleges that she was denied a promotion by her employer because of her race or color (black). This allegation, of course, falls within the scope of Title VII. She further alleges, however, that her employer's action was also a violation of the equal protection guarantee or clause of the Fourteenth Amendment, and that this constitutional violation is a sufficient and separate predicate deprivation of right giving rise to a section 1983 claim.

Previously, this Court has allowed a plaintiff to bring both a Title VII action for denial of promotion and a section 1983 action for violation of the equal protection clause of the Fourteenth Amendment even though both actions were based on the same alleged facts underlying the denial of promotion. *Cussler v. University of Maryland*, 430 F.Supp. 602 (D.Md.1977) (Northrop, C.J.). The Court is now required, however, to reconsider this holding in the light of subsequent decisions.

In *Great American Fed. S. & L. Ass'n. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) the Supreme Court con-

---

1. In her first complaint, plaintiff inadvertently assumed Prince George's County rather than the State of Maryland was responsible for the Prince George's County Department of Social Services. Apprised of her mistake, plaintiff has filed a motion to amend the complaint pursuant to Federal Rule 15(c) to substitute Maryland for Prince George's County. The Court grants the motion, joins the State of Maryland and dismisses Prince George's County as a defendant.

sidered the concurrent application of the Civil Rights Acts of 1871 and 1964. The appellee Novotny had brought a suit under 42 U.S.C. § 1985(3) against his employers for conspiracy to deprive him of equal protection under the laws. *Id.* at 369, 99 S.Ct. at 2347. He alleged his company had discharged him discriminatorily because he had complained about the company's disparate treatment of female employees. Because section 1985(3) provides remedial framework only for unequal treatment, Novotny was first required to prove a deprivation of the equal protection of a specific law. *Novotny, supra* at 373, 99 S.Ct. at 2349. The law under which Novotny claimed he suffered unequal treatment was Title VII of the 1964 Civil Rights Act. The question before the Court was thus "whether the rights created by Title VII may also be asserted within the *remedial* framework of § 1985(3)." *Id.* at 377, 99 S.Ct. at 2351 (emphasis in original).

The Supreme Court noted that an employee could assert separate statutory remedies for the same underlying factual occurrence if the remedies vindicated separate and distinct rights. *Novotny, supra* at 377–78, 99 S.Ct. at 2351–52, *relying on Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 49–50, 94 S.Ct. 1011, 1020–21, 39 L.Ed.2d 147 (1974). The Court, however, found no separate and distinct rights present in the assertion of a Title VII claim and a § 1985(3) claim based on Title VII. Furthermore, the Court found that allowing a § 1985(3) claim to proceed predicated on Title VII would effectively defeat Congress' intention to proscribe and rectify employment discrimination through the specific procedures and remedies of Title VII. "Unimpaired effectiveness can be given to the plan put together by Congress in Title VII only by holding that the deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Novotny, supra* 442 U.S. at 378, 99 S.Ct. at 2352.

*Novotny* has exerted a continuing influence over subsequent decisions construing the relationship of the two civil rights acts. Whether, however, constitutional claims for equal protection that arise out of alleged employment discrimination, and are also specifically remedied by Title VII, can be the basis for a concurrent action under § 1983 has yet to be directly addressed by the Supreme Court.

Section 1983 alone cannot withstand preemption by a more specific and comprehensive statutory scheme. In *Middlesex City Sewerage Auth. v. National Sea Clammers,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981) the Supreme Court held that "when [the state] is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under § 1983." *National Sea Clammers, supra* at 20, 101 S.Ct. at 2626, *quoting with approval, Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 673 n. 2, 99 S.Ct. 1905, 1945 n. 2, 60 L.Ed.2d 508 (1979) (Stewart, J.) (dissent).

In *Hall v. Board of County Commissioners of Frederick County,* 509 F.Supp. 841 (D.Md.1981), this District Court's Judge Miller indicated that in the light of *Novotny* "it is arguable that rights secured by Title VII may not be used as the basis for a section 1983 suit." In a decision following *Hall* by seven months, and with the benefit of the *National Sea Clammers* holding, Judge Murray unequivocally found Title VII, because of its own comprehensive administrative mechanism, could not be the predicate violation for a cause of action under § 1983. *H.R. v. Hornbeck,* 524 F.Supp. 215, 222–23 (D.Md. 1981). This Court accepts without reservation this conclusion of *Hornbeck. See also Irby v. Sullivan,* 737 F.2d 1418, 1427–29 (5th Cir.1984); *Daisernia v. State of New York,* 582 F.Supp. 792, 797 (N.D.N.Y.1984). Again, however, in the instant case the state is alleged to have violated for purposes of § 1983 not Title VII, but the equal protection clause of the Fourteenth Amendment.

In *Hall, supra,* Judge Miller had allowed the Title VII plaintiff to continue his § 1983 claim for alleged violations of the First Amendment. Judge Miller did not

apply *Novotny* where the plaintiff "sought redress of constitutional rights only .... [because] [a]lthough the alleged First Amendment violation may have arisen in the same setting as plaintiff's Title VII claims, this fact does not operate to divest plaintiff of any other claims she might have." *Hall, supra* at 848.

In *Hornbeck, supra,* however, Judge Murray was presented with a claim of denial of equal protection under the Fourteenth Amendment *in pari materia* with other actions brought under the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Education for All Handicapped Children Act of 1975, 20 U.S.C. § 1401, and the Civil Rights Act of 1871, 42 U.S.C. § 1983 (predicated on Title VII). Finding plaintiffs failed to exhaust the administrative procedures set out in the handicap discrimination statutes, Judge Murray, relying on *Novotny,* turned down *all* the claims, including the one based on the Fourteenth Amendment. "To assert as a constitutional claim the self-same rights which Congress endeavored to protect through specific statutory schemes [is impermissible] until the remedies provided by the administrative process are exhausted." *Hornbeck, supra* at 222.

▮ This Court, without hesitation, agrees with this aspect of Judge Murray's holding. In the case at bar, however, the plaintiff has concededly exhausted her administrative remedies under Title VII. Survival of her § 1983 action will, however, entitle her to a jury trial and the legal remedy of damages. There is much merit to defendant's contention that the statutory scheme of Title VII in its entirety, with its exclusively equitable remedies and concomitant non-jury trial is defeated by allowing plaintiff to proceed on the identical factual occurrence as asserted under Title VII, complaining again of essentially employment discrimination, under the rubric of a § 1983 claim of Fourteenth Amendment unequal treatment.

Certainly there is language in the *Novotny* decision to support such a finding. Justice Stewart specifically discussed the ability of an employment discrimination plaintiff to circumvent "most if not all of [the] detailed and specific provisions of [Title VII]" by asserting a concurrent action under the Civil Rights Act of 1871. *Novotny, supra* 422 U.S. at 375–76, 99 S.Ct. at 2351. For instance, "[s]ection [1983] expressly authorizes compensatory damages; punitive damages might well follow. The plaintiff or defendant might demand a jury trial." *Id.* at 376, 99 S.Ct. at 2351.

▮ Recently, Judge Young of this District Court applied *Novotny* to dismiss a case identical to the instant one. In *Weide v. Mass Transit Administration,* No. 84–4524 (D.Md. June 28, 1985), Judge Young dismissed a § 1983 action alleging employment discrimination in violation of the Fourteenth Amendment, where the matter was concurrently covered by Title VII. Judge Young held that a "[p]laintiff is not relieved of the obligation to follow the detailed remedy provided by Congress in Title VII [even if] the exact same conduct which she claims violates Title VII is the conduct which she claims also violates the Fourteenth Amendment." *Weide, supra,* at 12.

▮ This Court adopts Judge Young's holding. It is not enough that plaintiff has exhausted Title VII administrative remedies. Title VII creates a comprehensive remedial framework in equity that does not provide for a jury trial or damages. *Novotny, supra* 422 U.S. at 375–76, 99 S.Ct. at 2350–51. Allowing § 1983 actions for employment discrimination to proceed solely under the Fourteenth Amendment would effectively eclipse the detailed procedures and remedies Congress specifically enacted for employment discrimination under Title VII merely because the plaintiff can show state action. But discriminatory state action as alleged by plaintiff is also covered under Title VII. In reality, there are no separate and distinct rights present when the Fourteenth Amendment is so invoked by plaintiff Keller. A mere assertion that constitutional rights have been violated does not *ipso facto* defeat the exclusivity of comprehensive statutory remedies. It is not the rights asserted that determine separateness of remedies—otherwise, no rights or remedies could be preempted. It is the underlying conduct the law is asked to redress that determines what remedies

can be asserted. *Smith v. Robinson,* —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In this case, the underlying conduct—employment discrimination—is exclusively redressed by Title VII. This decision would not effect the holding in *Hall, supra,* where the § 1983 claim was predicated on the First Amendment.

For these reasons, the Court concludes that plaintiff's claim under 42 U.S.C. § 1983 must be dismissed. A separate order confirming the within rulings will be entered. The demand for a jury trial will consequently be stricken.