Mildred G. FRYE

v.

H. Clifton GRANDY, et al.

Civ. A. No. N–85–3853.

United States District Court,
D. Maryland.

Jan. 24, 1986.

Alan H. Legum and Susanne K. Henley, Annapolis, Md., for plaintiff.

Michael O. Connaughton, Tonia Y. Belton, and the Co. Atty.'s Office for Upper Marlboro, Md., for defendants.

## MEMORANDUM

NORTHROP, Senior District Judge.

Plaintiff Mildred G. Frye instituted this action against Prince George's County of Maryland, Prince George's County Consumer Protection Commission ("Commission") and H. Clifton Grandy, Executive Director of the Commission, asserting that she has been discriminated against in the workplace on the basis of her race and her age. The suit has been brought pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 [1] and the Age Discrimination in Employment Act ("ADEA").[2]

Ms. Frye, a forty-nine year old white woman, has been employed with the County Consumer Protection Commission as an Administrative Aide II for approximately seven years. In her complaint, she alleges

1. 42 U.S.C. §§ 2000e to 2000e–17 (1981).

2. 29 U.S.C. §§ 621–634 (1985).

that she was passed over for a promotion in June, 1984 in favor of a less-qualified younger black woman. Since that time, many of Ms. Frye's job duties have been reassigned to other younger black women, women groomed to replace the plaintiff in the future.

Presently before the Court are Rule 12 motions for dismissal brought by all three defendants.[3] The motions do not challenge the plaintiff's Title VII or ADEA claims,[4] but instead seek dismissal of the claims under 42 U.S.C. § 1983. The defendants' argument is two-fold: 1) The plaintiff's section 1983 claims are preempted by Title VII and the ADEA, and 2) the complaint fails to state a section 1983 cause of action against the County because the alleged discrimination was not the product of an official County policy or custom.

### A. Preemption and Section 1983

Section 1983 does not in itself create any substantive rights. Rather, it provides a statutory basis to receive a remedy for the deprivation of a right secured by the Constitution and laws of the United States by a person acting under color of state law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). When the remedial devices provided in a particular statute are sufficiently comprehensive, they may suffice to demonstrate a Congressional intent to preclude the remedy of suits under section 1983. *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 19–20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981) (the elaborate enforcement provisions of the Federal Water Pollution Control Act and the Marine Protection, Research, and Sanctuaries Act of 1972 supplant any remedy otherwise available under section 1983).

Plaintiff Frye asserts in her complaint that the defendants discriminated against her on the basis of her race and age in violation of Title VII and the ADEA respectively, as well as the equal protection clause of the Fourteenth Amendment. All three claims are predicated on the same alleged facts, the denial of a promotion to Ms. Frye and the subsequent reassignment of her duties to other workers. The question presented in this case is whether the enactments of Title VII and the ADEA, each with its own elaborate remedial scheme, evidence a Congressional intent to preclude the remedy of a section 1983 claim of race and age discrimination in violation of the Fourteenth Amendment.

### 1. Title VII

■ This Court recently considered and decided the question of whether Title VII preempts section 1983 in race discrimination claims. *Keller v. Prince George's County Department of Social Services*, 616 F.Supp. 540 (D.Md.1985). The plaintiff in *Keller* pled two causes of action in her complaint, one under Title VII, the other under section 1983 alleging a violation of the equal protection clause of the Fourteenth Amendment. Both causes of action sought redress for a single incident, the denial of a promotion to Ms. Keller by the County agency.

Applying the rationale of *Great American Fed. S. & L. Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), this Court dismissed Ms. Keller's section 1983 claim under a theory of preemption. In enacting Title VII, Congress created a comprehensive remedial structure to redress employment discrimination. "Allowing § 1983 actions for employment discrimination to proceed solely under the

---

**3.** In its motion to dismiss, the Commission asserts that it has no capacity to be sued, and that the County alone is the proper government defendant. The plaintiff concedes this point in her memorandum in opposition to the motions. All claims against the Commission are therefore dismissed.

**4.** In their initial motions to dismiss, the defendants argued that the Title VII and ADEA claims were barred by the plaintiff's failure to file timely charges with the EEOC and the County Human Relations Commission. This argument was subsequently abandoned when the plaintiff produced a copy of her timely complaint with the State agency.

Fourteenth Amendment would effectively eclipse the detailed procedures and remedies Congress specifically enacted for employment discrimination under Title VII merely because the plaintiff can show state action." *Keller* at 543. *Accord Weide v. Mass Transit Administration,* 628 F.Supp. 247 (D.Md. June 28, 1985) (J. Young). *Cf. Great American S. & L. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)). Congress could not have intended to permit a plaintiff to bypass and in effect defeat the Title VII statutory scheme by filing suit under § 1983.

Following *Keller* and *Weide,* we therefore dismiss that part of the plaintiff's § 1983 claim alleging race discrimination under the Fourteenth Amendment.

2. Age Discrimination in Employment Act

■ The plaintiff has framed her two claims of age discrimination analogously to her allegations of race discrimination. One claim is based on the specific statute, the ADEA, and the second is grounded on section 1983, alleging a violation of the equal protection clause of the Fourteenth Amendment. The preemption analysis of age discrimination, like that of race discrimination, requires a review of the enforcement and remedial provisions of the relevant statute.

Within the statutory framework of the ADEA, the right of an individual to bring a private cause of action is subordinate to the EEOC's power to enforce compliance. An injured employee who wishes to invoke the Act must first lodge a charge with the EEOC within one hundred eighty days of the alleged unlawful practice, or within three hundred days if section 633(b) applies and the party files with the appropriate state agency.[5] After filing a claim with the EEOC, the aggrieved individual may not initiate a civil action for sixty days. The right to bring a private action, more-over, terminates upon the commencement of an action by the EEOC on behalf of the aggrieved employee. 29 U.S.C. § 626(c). The EEOC has an unimpeded opportunity to file an action during the sixty day waiting period.

The role of the EEOC is central to effectuating the policies of the Act. *Vance v. Whirlpool Corp.,* 707 F.2d 483, 488, *aff'd on reh'g,* 716 F.2d 1010 (4th Cir.1983), *cert. denied,* 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130, 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 873 (1984); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1197–98 (5th Cir.1975). Informal conciliation pursued by the EEOC is the primary method of dispute resolution envisioned by the Act. During the sixty day waiting period following filing with the EEOC, the agency is under a statutorily imposed duty to investigate and attempt to resolve the matter through "informal methods of conciliation, conference, and persuasion." § 626(b) & (d).

The legislative history of the Act manifests the Congressional intent to effectuate enforcement whenever possible without resorting to formal litigation. *See, e.g.,* S.Rep. No. 723, 90th Cong., 1st Sess. 5 (1967); H.R.Rep. No. 805, 90th Cong., 1st Sess. 5 (1967) *reprinted in* 1967 U.S.Code Cong. & Ad.News 2213, 2218. The latter report states in part:

It is intended that the responsibility for enforcement vested in the Secretary [later assigned to the EEOC] by Section 7, be initially and exhaustively directed through informal methods of conciliation, conference, and persuasion and formal methods applied only in the ultimate sense.

*Id. See also Vance v. Whirlpool,* 707 F.2d at 488; *Marshall v. Sun Oil Co. of Pennsylvania,* 592 F.2d 563, 565 (10th Cir.), *cert. denied,* 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979); *Dean v. American Security Insurance Co.,* 559 F.2d 1036, 1038 (5th Cir.1977), *cert. denied,* 434 U.S. 1066,

---

**5.** In cases where section 633(b) applies, if state agency proceedings terminate before the three hundred day period expires, the person must file with the EEOC within thirty days of receipt of notice of termination.

98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 841 (3d Cir.1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

If formal litigation becomes necessary, EEOC enforcement is given precedence over private actions. Thus, private parties must wait sixty days after filing with the EEOC before bringing suit, so that the agency may determine whether to institute litigation. *Vance v. Whirlpool*, 707 F.2d at 489. If the EEOC files suit, the individual is barred from doing so. The EEOC would then represent the aggrieved employee in the agency enforcement litigation, at the treasury's expense. § 626(c).

The Act also defines the remedies available for the private plaintiff. Damages for pain and suffering are not recoverable, *Slatin v. Stanford Research Institute*, 590 F.2d 1292 (4th Cir.1979), and the same is true for punitive damages. *Walker v. Pettit Construction Co.*, 605 F.2d 128, *aff'd on reh'g*, 611 F.2d 950 (4th Cir.1979).

The provisions of the Act evidence Congressional intent to preclude suits for age discrimination under section 1983. Such actions which would only circumvent the Congressional mandate of the ADEA. A section 1983 suit for age discrimination brought against employers acting under color of state law could, for example, be instituted without notifying the EEOC of the charges. Even if charges were filed with the agency, suit could be brought before the expiration of the sixty day waiting period. A private action under section 1983 could also be initiated after the EEOC commenced litigation under the ADEA. It is inconceivable that Congress would have intended to preserve the private cause of action under section 1983 for age discrimination when that cause of action would severely undermine, if not cripple, the primary enforcement mechanism created by

Congress under the ADEA—informal EEOC conciliation. Congress did not intend to permit plaintiffs to bypass the statutory scheme clearly embodied in the language and legislative history of the ADEA merely because they are employed by a person acting under color of state law.[6]

This Court holds, therefore, that passage of the ADEA preempted the private cause of action under § 1983 for age discrimination.

## B. *County Liability Under 42 U.S.C. Section 1983*

■ As a second and independent basis for its motion to dismiss, Prince George's County asserts that the complaint fails to state a cause of action under *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The plaintiff premises her section 1983 claim against the County on a *Monell* theory of liability. *Monell v. New York City Department of Social Services*, 436 U.S. at 690, 98 S.Ct. at 2035; *Ledford v. Delancey*, 612 F.2d 883, 887 (4th Cir.1980) (county may be liable under *Monell*). In *Monell*, the Supreme Court held that a municipality could be liable under § 1983 for constitutional torts committed pursuant to an official policy or custom. 436 U.S. at 690–91, 98 S.Ct. at 2035–36. A municipality could not, however, be held vicariously liable under a theory of *respondeat superior* because it employs a constitutional tort-feasor. Such liability would violate the Congressional intent to preclude liability in cases in which the municipality itself was not at fault. *Id.* at 691–94, 98 S.Ct. at 2036–38.

In order to plead a cause of action under *Monell*, a plaintiff must allege a specific incident of misconduct and that the specific incident implemented an official govern-

---

**6.** In *McCroan v. Bailey*, 543 F.Supp. 1201 (S.D. Ga.1982), the District Court for the Southern District of Georgia arrived at essentially this same conclusion in a case brought under the ADEA and § 1983. The § 1983 claim in *McCroan* was based not on the equal protection

clause, but instead on a violation of the ADEA itself. Relying on a preemption theory and the reasoning of *Novotny*, the court dismissed the § 1983 claim, declaring the ADEA the exclusive remedy for age discrimination. *Id.* at 1209.

ment policy or custom. A complaint will withstand a motion to dismiss only if the facts alleged, together with reasonable inferences drawn from them, could lead a reasonable factfinder to conclude that the actions of the government employee were the product of some official policy or custom. The allegation of a single act of unconstitutional conduct will not in and of itself support an inference that the conduct was undertaken pursuant to an official custom or policy. *City of Oklahoma City v. Tuttle*, ——— U.S. ———, ———, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985); *Powe v. City of Chicago*, 664 F.2d 639 (7th Cir.1981) (standards applicable to a motion to dismiss).

An examination of Ms. Frye's complaint indicates that the pleading requirements of *Tuttle* have not been met. The complaint contains no allegation of a pattern or series of discriminatory employment practices. In fact, it does not cite a single incident by the Commission or the County as a whole other than the denial of a promotion to the plaintiff. Nor does the complaint assert that the County itself had participated in this employment decision.[7] These omissions are fatal to the *Monell* claim against the County.

Accordingly, the plaintiff's claims against Prince George's County Consumer Protection Commission are dismissed, and her claims against the County and H. Clifton Grandy under 42 U.S.C. § 1983 are dismissed. A separate order will be entered confirming the rulings herein.

---

7. Municipal or county conduct that results in a single incident is not necessarily immune, provided that it is the product of a policy or custom. What is lacking here is a policy or custom. *Compare Tuttle with Monell* or *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).