Hope **WILSON**, Plaintiff,

v.

**UNIVERSITY OF VIRGINIA, John A. Blackburn, and Ernest Ern, Defendants.**

**Civ. A. No. 86–0041–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

July 9, 1987.

Beverly A. Burton, Richmond, Va., for plaintiff.

Roger S. Martin, Associate Legal Advisor, Sp. Asst. Atty. Gen., Charlottesville, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge

This matter comes before the court upon defendants' motion to dismiss Count II of the complaint, which states a cause of action under 42 U.S.C. § 1981. Defendants contend that plaintiff Wilson's assertion of an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., precludes her from asserting a § 1981 claim on the same facts. They also contend that Wilson's § 1981 claim is barred by the eleventh amendment. For the reasons stated below, the court will grant the motion in part and deny it in part.

Hope Wilson, a black woman, was hired as an assistant dean of admissions by the University of Virginia office of admissions in October, 1979. In the spring and summer of 1985, Wilson applied for two associate dean positions in the office of admissions. When she was not selected for either position, Wilson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which issued a notice of right to sue on July 30, 1986. Wilson then filed this action against the University of Virginia, John A. Blackburn, dean of admissions, and Ernest Ern, vice president for student affairs. Wilson alleges that she was not promoted solely because of her race, and that the defendants' failure to promote her is part of a pattern and practice of discrimination against blacks in the office of admissions.

Count I of the complaint alleges a cause of action under Title VII, under which Wilson seeks injunctive relief, back pay, and front pay. Count II alleges a cause of action under § 1981, under which Wilson seeks injunctive relief, as well as compensatory and punitive damages. Defendants have moved to dismiss Count II on the grounds that the § 1981 claim is both precluded by the Title VII claim and barred by the eleventh amendment.

*Title VII Preclusion*

■ To support their argument that the plaintiff cannot maintain a lawsuit under both Title VII and § 1981, the defendants offer a tortured reading of *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), which this court cannot accept. Defendants contend that under *Johnson,* only the *administrative* remedies provided by Title VII are independent of § 1981 remedies, and that a plaintiff may not pursue lawsuits under both laws simultaneously. The language of *Johnson* does not support this interpretation. To the contrary, the opinion clearly rules out any preclusion of § 1981 remedies by Title VII remedies:

Despite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief. "[T]he legis-

lative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes." *Alexander v. Gardner-Denver Co.,* 415 U.S. [36] at 48 [94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974)]. In particular, Congress noted "that the remedies available to the individual under Title VII are co-extensive with the indiv[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and that the two procedures augment each other and are not mutually exclusive." H.R.Rep. No. 92–238, p. 19 (1971). See also S.Rep. No. 92–415, p. 24 (1971). Later, in considering the Equal Employment Opportunity Act of 1972, the Senate rejected an amendment that would have deprived a claimant of any right to sue under § 1981. 118 Cong.Rec. 3371–3373 (1972). 421 U.S. 454 at 459, 95 S.Ct. 1716 at 1719. As the court noted, the legislative history of the Equal Employment Opportunity Act of 1972, which amended Title VII to extend its coverage to state and local government employees, contains unequivocal statements of congressional intent:

> In establishing the applicability of Title VII to State and local employees, the Committee wishes to emphasize that the individual's right to file a civil action in his own behalf, pursuant to the Civil Rights Act of 1870 and 1871, 42 U.S.C. §§ 1981 and 1983, is in no way affected.... Title VII was envisioned as an independent statutory authority meant to provide an aggrieved individual with an additional remedy to redress employment discrimination.... The bill, therefore, by extending jurisdiction to State and local government employees does not affect existing rights that such individuals have already been granted by previous legislation.

H.R.Rep. No. 92–238, 92d Cong., 2d Sess., reprinted in 1972 U.S.Code Cong. & Ad. News 2137, 2154.

To counter this clear authority, defendants cite *Keller v. Prince George's County Dept. of Social Services,* 616 F.Supp. 540 (D.Md.1985), where the court held that a plaintiff could not pursue both a Title VII suit and a § 1983 suit based on the same operative facts. This court finds *Keller* unpersuasive here for two reasons. First, *Keller* was concerned with § 1983, which, unlike § 1981, does not confer substantive rights. Second, the clear weight of authority rejects the position taken by the court in *Keller. See Alexander v. Chicago Park District,* 773 F.2d 850 (7th Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986); *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299 (7th Cir.1985); *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199 (6th Cir.1984); *Roybal v. City of Albequerque,* 653 F.Supp. 102 (D.N.M.1986); *Pollard v. City of Chicago,* 643 F.Supp. 1244 (N.D.Ill.1986); *Appling v. City of Brockton,* 649 F.Supp. 258 (D.Mass.1986); *Meyett v. Coleman,* 613 F.Supp. 39 (W.D.Wis.1985); *Snell v. Suffolk County,* 611 F.Supp. 521 (E.D.N.Y. 1985); *Vermett v. Hough,* 606 F.Supp. 732 (W.D.Mich.1984); *Zewde v. Elgin Community College,* 601 F.Supp. 1237 (N.D.Ill. 1984); *Storey v. Board of Regents of the University of Wisconsin System,* 600 F.Supp. 838 (W.D.Wis.1985); *Daisernia v. State of New York,* 582 F.Supp. 792 (N.D. N.Y.1984); *Gibson v. Wisconsin Dep't of Health,* 489 F.Supp. 1048 (E.D.Wis.1980); *But see Irby v. Sullivan,* 737 F.2d 1418 (5th Cir.1984); *Reiter v. Center Consolidated School District No. 26–JT,* 618 F.Supp. 1458 (D.Colo.1985); *Tafoya v. Adams,* 612 F.Supp. 1097 (D.Colo.1985).

In this court's view, all arguments for preclusion must fail once the remedies provided by the statutes are compared. The Civil Rights Acts provide for trial by jury, which is not available under Title VII. Granting Title VII a preclusive effect would, by judicial fiat, deny plaintiffs their right to a trial by jury, which is guaranteed by the seventh amendment of the United States Constitution. Congress may constitutionally create a cause of action without the right to a jury trial, but courts should not infer that Congress thereby intends to abrogate the right in an existing cause of action. Unless Congress explicitly removes the right to trial by jury in actions under

§§ 1981 and 1983, it is the duty of the court to enforce the right. The seventh amendment commands no less. In the absence of an unequivocal mandate from Congress, therefore, according preclusive effect to Title VII cannot be justified.

Finally, the court notes that a call for preclusion is particularly inappropriate in this case. The rationale usually advanced for preclusion is to prevent plaintiffs from circumventing the procedures established under Title VII. Here, however, the plaintiff has followed the procedures mandated by Title VII and has exhausted its administrative remedies. The defendants are thus reduced to arguing that preclusion is necessary to avoid "the undesirable possibility of trying a jury trial and a bench trial on the same set of facts." This is surely a slender reed on which to lean. It is not uncommon to try part of a case to a jury and part to the court, and such trials do not tax the powers of any of those involved, least of all the court's. Even if they did, the right to a trial by jury is too precious to be sacrificed on the altar of judicial economy.

For these reasons, the defendants' motion to dismiss the § 1981 claim as precluded by the Title VII claim will be denied.

*Eleventh Amendment Immunity*

The eleventh amendment to the U.S. Constitution bars suits in federal courts by private parties against a state or state agency where recovery would be paid from the state treasury. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 94 St.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress may abrogate this immunity in legislation enacted under the fourteenth amendment, it seems clear that under *Quern, supra,* the Supreme Court would hold that Congress did not do so when it enacted § 1981. *Daisernia v. State of New York,* 582 F.Supp. 792, 800–03 (N.D.N.Y.1984).

It cannot be disputed that the University of Virginia is an arm of the state entitled to eleventh amendment protection. *See Jacobs v. College of William and Mary,* 495 F.Supp. 183, 189 (E.D.Va.1980), *aff'd,* 661 F.2d 922 (4th Cir.), *cert denied,* 454 U.S.

1033, 102 S.Ct. 572, 70 L.Ed.2d 477 (1981). Moreover, when the state is the real party in interest, as it is here, the eleventh amendment bars suits against state officers and employees in their official capacities. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67. The eleventh amendment does not bar suits against state officials for injunctive relief, however. *Quern,* 440 U.S. at 337, 99 S.Ct. at 1143. Accordingly, the court will dismiss the University of Virginia as a defendant to Count II and will dismiss the claim for damages in Count II against Ern and Blackburn in their official capacities.

An appropriate Order shall this day issue.