Dan FORD

v.

CITY OF OAKWOOD, GEORGIA; H. Lamar Scroggs, individually and in his official capacity as Mayor; Donald Wood, individually and in his official capacity as Council Member; Ron McFarland, individually and in his official capacity as Council Member; Monte Robinson, Sr., individually and in his official capacity as Council Member; Denise McGee, individually and in her official capacity as Council Member; Clinton Newby, individually and in his official capacity as Council Member; and Jimmy McCauley, individually and in his official capacity as City Manager.

Civ. No. 2:95–CV–0008–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Sept. 22, 1995.

David C. Ates, Kirwan Parks Chesin & Remar, Atlanta, GA, Steven Keith Leibel, and John T. Lueder, Steven K. Leibel & Associates, Atlanta, GA, for plaintiff/counter-defendant.

John Lewis Sapp, Richard Read Gignilliat, Elarbee Thompson & Trapnell, Atlanta, GA, for defendants and counterclaimant.

## ORDER

O'KELLEY, District Judge.

The captioned case is before the court for consideration of defendant McCauley's motion for leave to amend counterclaim [20–1] and defendants Scroggs, Wood, McFarland, Robinson, McGee, Newby and McCauley's motion to dismiss [14–1].

### I.  Motion for Leave to Amend

Defendant McCauley's motion for leave to amend his counterclaim is unopposed. *See* L.R. 220–1(b)(1), NDGa. Accordingly, defendant McCauley's motion for leave to amend his counterclaim is hereby GRANTED [20–1].

### II.  Motion to Dismiss

Pursuant to Fed.R.Civ.P. 12(b)(6), defendants Scroggs, Wood, McFarland, Robinson,

McGee, Newby and McCauley (hereinafter "defendants"), in their capacity as individuals, have moved the court to dismiss plaintiff's complaint on the grounds (1) that they are entitled to qualified immunity against plaintiff's claims under 42 U.S.C. § 1983; (2) that claims of age discrimination are not actionable under 42 U.S.C. § 1983; and (3) that they are not proper parties to plaintiff's Open Records Act claim.

A. Qualified Immunity

■ Qualified immunity protects public officials from liability and from trial if a plaintiff's complaint fails to state a violation of "clearly established statutory or constitutional rights of which a reasonable person would have known." *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied,* 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). In order to determine whether the constitutional right asserted by a plaintiff is "clearly established," the court must first determine whether the plaintiff has asserted a violation of a constitutional right at all. *Wooten v. Campbell,* 49 F.3d 696, 699 (11th Cir.1995) (quoting *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991)). In making this determination, the court reviews the sufficiency of the factual allegations of the complaint, applying a heightened specificity requirement to section 1983 claims against public officials in their individual capacities. *See Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F.2d 305, 309 (11th Cir.1989) ("[I]n an effort to protect public officials from protracted litigation involving specious claims, we ... have tightened the application of Rule 8 to § 1983 claims.").

■ Plaintiff has alleged that he was discharged in retaliation for speech protected by the First Amendment. In assessing the validity of a retaliation claim, the court applies a four-part test. First, the court must determine whether the employee's speech related to a matter of public concern. *Morgan v. Ford,* 6 F.3d 750, 754 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994). If so, the court must weigh the employee's First Amendment interests against "the interest of the state, as an employer, in promoting the efficiency of the public services it performs through its employees." *Id.* (citations omitted). If the employee prevails on this balancing test, the court then determines whether the employee's speech played a substantial role in the state's employment decision. If the employee shows that the speech was a substantial motivating factor, the state must prove that it would have reached the same decision in the absence of the protected speech. *Id.*

In the instant case, plaintiff alleges that he brought certain information to the attention of the public and that he was subsequently discharged. Plaintiff further alleges that his public statements were substantial motivating factors for his termination. However, plaintiff has failed to plead facts connecting his speech and his subsequent termination. Plaintiff's conclusory allegations regarding the causal connection essential to his First Amendment claim are insufficient to meet the heightened specificity required for a section 1983 claim. *See L.S.T., Inc. v. Crow,* 49 F.3d 679, 684 (11th Cir.1995). Thus, defendants, in their capacity as individuals, are entitled to qualified immunity as to plaintiff's First Amendment claim under section 1983. Defendants' motion to dismiss plaintiff's claim for retaliatory discharge against defendants in their capacity as individuals is hereby GRANTED [14–1].

B. Age Discrimination

■ Plaintiff also alleges that defendants discriminated against him on the basis of his age, in violation of his equal protection rights. Plaintiff has asserted his claim for relief under 42 U.S.C. § 1983. Section 1983 does not in itself create any substantive rights; rather, it provides a statutory basis to receive a remedy for the deprivation of rights secured by other sources, including the United States Constitution. *See Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). Plaintiff has alleged a violation of his constitutional rights. Plaintiff's claim also falls within the scope of the remedies provided by the Age Discrimination in Employment Act (ADEA). Defendants argue

that the ADEA is the exclusive remedy for age discrimination claims, and thus plaintiff's section 1983 claim should be dismissed.

■ The critical issue in determining whether the ADEA preempts section 1983 claims for age discrimination is that of congressional intent. *Ring v. Crisp County Hospital Auth.,* 652 F.Supp. 477, 480 (M.D.Ga.1987). "When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981). The ADEA provides a comprehensive scheme to prohibit employment discrimination on the basis of age. Based on the comprehensive scheme of the ADEA, the Fifth Circuit, in an opinion binding on this court, has ruled that complaints of age discrimination in federal employment must be brought pursuant to the ADEA. *Paterson v. Weinberger,* 644 F.2d 521, 525 (5th Cir.1981).[1]

■ In order to encourage compliance through mediation, the ADEA requires participation in a detailed administrative process prior to filing suit in federal court. *Zombro v. Baltimore City Police Dept.,* 868 F.2d 1364, 1366 (4th Cir.1989), *cert. denied,* 493 U.S. 850, 110 S.Ct. 147, 107 L.Ed.2d 106 (1989). If section 1983 is available for age discrimination claims, the comprehensive administrative scheme established by the ADEA may be bypassed. Thus, the detailed framework of the ADEA evidences congressional intent to preclude suits for age discrimination under section 1983. *See Zombro,* 868 F.2d at 1369; *Ring,* 652 F.Supp. at 482; *Frye v. Grandy,* 625 F.Supp. 1573, 1576 (D.Md.1986).

After careful consideration, this court concludes that age discrimination claims are not actionable under section 1983. Accordingly, defendants' motion to dismiss plaintiff's age discrimination claim under section 1983 is hereby GRANTED [14–1].

**C. Open Records Act Claim**

■ Plaintiff alleges that defendants have denied him access to documents which constitute public records under O.C.G.A. § 50–18–70. Plaintiff's claim is based on state law, and thus, absent diversity of citizenship of the parties, is not within the original subject matter jurisdiction of this court. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over claims which are so related to other claims within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Although plaintiff's claims under section 1983 are clearly within this court's original jurisdiction, his Open Records Act claim is not so related to the section 1983 claims as to form part of the same case or controversy. The documents at issue in the Open Records Act claim may be relevant to plaintiff's federal claims. Nonetheless, the determinations which must be made regarding the documents' status and accessibility under Georgia law are not related to the issues underlying plaintiff's section 1983 claims. Accordingly, plaintiff's Open Records Act claim is not within the subject matter jurisdiction of this court. Pursuant to Fed.R.Civ.P. 12(h)(3), plaintiff's Open Records Act claim is hereby DISMISSED FOR LACK OF JURISDICTION.

**III. Conclusion**

To summarize:

(1) Defendant McCauley's motion for leave to amend his counterclaim is hereby GRANTED [20–1].

(2) Defendants' motion to dismiss plaintiff's First Amendment claim under section 1983 against them in their capacity as individuals is hereby GRANTED [14–1]. Plaintiff's First Amendment claim under section 1983 is hereby DISMISSED as it relates to defendants in their individual capacity.

(3) Defendants' motion to dismiss plaintiff's claim for age discrimination under section 1983 is hereby GRANTED [14–1]. Plaintiff's

---

1. *Paterson* was decided on May 8, 1981. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), the court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

claim for age discrimination under section 1983 is hereby DISMISSED.

(4) Plaintiff's Open Records Act claim is hereby DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED.