Charles MARTEL, Plaintiff,

v.

GREAT BEND BOROUGH, New Milford Borough, and the Municipal Police Dept., Defendants.

No. 3:97–CV–1828.

United States District Court, M.D. Pennsylvania.

March 26, 1999.

---

Peter G. Loftus, Waverly, PA, for Charles Martel, plaintiff.

Harry T. Coleman, Scranton, PA, for Great Bend Borough, New Milford Borough, the Municipal Police Department, defendants.

## MEMORANDUM

MUNLEY, District Judge.

Before the court is the defendants' motion for summary judgment. The defendants are Great Bend Borough, New Milford Borough and the Municipal Police Department; and the plaintiff is Charles Martel. The plaintiff filed the above-captioned matter alleging that the defendants violated the plaintiff's rights pursuant to 42 U.S.C. §§ 1983 and 1988. The plaintiff's complaint further alleges violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 629 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 *et seq.*, and the Employee Retirement Income & Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* For the reasons which follow, we grant the defendants' motion.

## Background

On January 1, 1976, the plaintiff was employed by the defendants as an officer for the Municipal Police Department and, one year later, was appointed to serve as Chief of Police. In 1992, the parties discussed the possibility of the plaintiff's retirement and, on August 1994 [1], the plaintiff indicated his desire to retire "if the package was right." (Martel Deposition at 17–18). Martel alleges that on August 3, 1994, the defendants via Mayors Riecke and Darrow agreed to grant Martel a pension under Act 120 instead of Act 600 [2] and that the plaintiff agreed to retire under such terms. Shortly thereafter, it was announced that the plaintiff was going to retire as of January 1, 1995, and Officer Scott Haley [3] was hired to replace the plaintiff when Martel retired. Subsequently, the plaintiff's retirement party was held on December 31, 1994. Due to disputes regarding the plaintiff's retirement package, the plaintiff and Haley continued working full-time until the Police Department was suspended on May 11, 1995.[4] On July 11, 1995, the suspension was lifted and the plaintiff and Haley were reinstated part-time until December 31, 1995, when the Police Department was disbanded. Presently, the police department continues to be disbanded and the defense has represented that there are no plans to recommence the Department.

On December 1, 1997, the plaintiff filed the above-captioned action alleging that he was discriminated against on account of his age. Plaintiff Martel was sixty-one years old when he filed the complaint in this matter. On October 13, 1998, the defendants filed the instant motion for summary judgment alleging that the plaintiff's retirement under Act 120 was contingent upon financial feasibility and that the police department was eventually disbanded for financial reasons. The defense further avers that the defendants' acts were in no way motivated by the plaintiff's age and that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Conversely, the plaintiff contends that his age was a factor in the denial of Act 120 retirement benefits and that the disbandment of the police department is merely a pretext for age discrimination. Plaintiff further submits that he has alleged facts sufficient to sustain a cause of action and that the defense's motion should be denied.

## Discussion

Federal Rule of Civil Procedure 56(c) provides that the moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A fact is "material" if proof of its existence or nonexistence might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Facts that could alter the outcome are

---

1. The plaintiff, born on August 26, 1936, was approximately 59 years old during the August 1994 retirement discussions.

2. Act 120 affords greater retirement benefits than Act 600. Under Act 600, the plaintiff would be entitled to 75% of his salary and, if the plaintiff predeceased his wife, his wife would be entitled to 25% of the plaintiff's salary. Under Act 120, plaintiff would be entitled to an additional $25,000 cash upon retiring.

 The court further notes that prior to the alleged August 1994 agreement, the plaintiff would have been entitled to Act 600 benefits pursuant to a written contract between the plaintiff and the Municipal Police Department. (Martel Deposition at 23).

3. Officer Haley is under forty years of age and, therefore, not in the protected age group. The parties further agree that Haley was hired prior to any pension plan discussions. (Martel Deposition at 28).

4. At all relevant times, the plaintiff retained his rank as Police Chief.

material facts." *Charlton v. Paramus Bd. of Educ.,* 25 F.3d 194, 197 (3d Cir.), *cert. denied,* 513 U.S. 1022, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 329, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 59 (3d Cir.1988); *Continental Ins. Co. v. Bodie,* 682 F.2d 436 (3d Cir.1982). Once the moving party has satisfied its burden, the nonmoving party "must present affirmative evidence to defeat a properly supported motion for summary judgment." *Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2514. Rule 56 requires the entry of summary judgment, after adequate time for discovery, where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. "The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* After a thorough examination of the matter *sub judice,* we find that the plaintiff has not alleged facts sufficient to sustain his ADEA and PHRA age discrimination claims.

The ADEA prohibits employers from discriminating against employees on the basis of their age. 29 U.S.C. § 623(a)(1).

Analysis of an ADEA age discrimination claim involves shifting burdens of proof. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Keller v. Orix Credit Alliance, Inc.,* 130 F.3d 1101, 1108 (3d Cir.1997). Initially, the plaintiff is required to establish a prima facie case that his discharge was a result of discrimination. *Keller.*

> To establish a prima facie case of disparate treatment, Martel must prove by a preponderance of the evidence that (1)[he] was a member of the protected class [i.e., was 40 years of age or older]; (2)[he] was qualified for the position; (3)[he] was dismissed despite being qualified; and (4)[he] was ultimately replaced by a person sufficiently outside the protected class to create an inference of discrimination.

*Walton v. Mental Health Ass'n of Southeastern Pennsylvania,* 168 F.3d 661, 671 (3d Cir.1999)(citing *Lawrence v. National Westminster Bank N.J.,* 98 F.3d 61 (3d Cir.1996)). Once the plaintiff establishes a prima facie case, then the presumption of discrimination arises, and "the burden of production (but not the burden of persuasion) shifts to the defendant, who must then offer evidence that is sufficient, if believed, to support a finding that it had a legitimate non-discriminatory reason for the discharge." *Keller.* After the defendant has articulated a legitimate non-discriminatory reason for discharge,[5] the plaintiff must then set forth evidence which indicates that the employer's proffered reason is merely pretextual. See *Fuentes v. Perskie,* 32 F.3d 759 (3d Cir. 1994). In order to survive summary judgment, the plaintiff must submit evidence that the trier of fact could reasonably (1) disbelieve the employer's articulated reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Keiler* (citing *Fuentes* ).

---

5. If the defendant cannot articulate a legitimate non-discriminatory reason for the discharge, then summary judgment must be entered for the plaintiff. *Keller.*

To discredit the employer's proffered reason...the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent. Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted nondiscriminatory reasons.

*Fuentes* at 765. Further, "federal courts are not arbitral boards ruling on the strength of *cause* for discharge. The question is not whether the employer made the best, or even a sound business decision; it is whether the real reason is discrimination." *Keller* (quoting *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir.1996)).

 Initially, the court finds that the plaintiff has not established a prima facie case that his discharge was a result of discrimination. See *supra.* The defendants have stipulated that the plaintiff was discharged, was over forty years of age and was qualified for the position. Further, even viewing all reasonable inferences and facts in the light most favorable to the plaintiff and noting that the plaintiff has alleged a reduction in force in this matter, the court has relaxed the fourth element and has not required proof that Martel was replaced by a sufficiently younger person. See *Torre v. Casio, Inc.*, 42 F.3d 825 (3d Cir.1994)(citing *Billet v. CIG-NA Corp.*, 940 F.2d 812 (3d Cir.1991) for the proposition that the four elements of the prima facie case are not inflexible and the fourth element must be relaxed in certain circumstances, as when there is a reduction in force). However, the court agrees with the defense's contention that the plaintiff cannot establish a prima facie

case since the Police Department was disbanded and the position itself was terminated. See *Moore v. Reese*, 817 F.Supp. 1290 (D.Md.1993) (employee who was terminated when his position was eliminated could not establish a prima facie case of age discrimination, as it was impossible for person outside of protected class to be retained in position). Even if the court found that the plaintiff established a prima facie case, we nonetheless would be compelled to find in favor of the defense in this matter. After the plaintiff has established his prima facie case, the burden would then shift to the defense to offer evidence sufficient to support a finding that it had a legitimate non-discriminatory reason for the discharge.

 The defendants contend that the plaintiff was to be given Act 120 benefits *only if* it was financially feasible and that such benefits were denied pursuant to the results of an actuarial study. (Riecke Deposition at 8–10, 14; Fleming Deposition at 16–17, 27). Once the study was received, it was reviewed by David Ayres, the Police Commission's financial consultant. (Fleming Deposition at 17; Ayres Affidavit). Mr. Ayres attended a Police Department meeting and advised that entitling the plaintiff to Act 120 benefits was not feasible and would in effect delete the pension fund. (Fleming Deposition at 27; Ayres Affidavit at ¶ 9; Riecke deposition at 25–26). The defendants further submit that the disbandment of the police department was due to lack of funding and had nothing to do with the plaintiff's request to retire under the higher yield pension. (Fleming Deposition at 32–34; Riecke Deposition at 20–21). We find that the defense has stated a legitimate and nondiscriminatory reason for its action. Therefore, to defeat summary judgment, Martel must "point to some evidence, direct or circumstantial, from which a fact-finder could reasonably either (1) disbelieve the defendants' articulated reasons or (2) believe that an invidious discriminatory reason was more

likely than not a motivating or determinative cause of the employer's action." *Walton* (citing *Lawrence* ).[6]

Having examined the record in its entirety, we find that the plaintiff has fallen woefully short of his burden to rebut the defense's proffered legitimate and nondiscriminatory explanation to the plaintiff's termination. Martel has not pointed to any evidence, direct or indirect, from which a reasonable jury could conclude that the defendants' reason for terminating the plaintiff was pretextual.[7] Martel merely asserts that the defendants suspended the Police Department when the plaintiff would not retire. Plaintiff further claims that when the plaintiff refused to retire after being reinstated on a part-time basis, the defendants voted to cease funding and disbanded the Department. Plaintiff lastly contends that the defendants would reestablish the Department after "forc[ing] the Plaintiff to retire..." (See Plaintiff's brief in opposition filed Nov. 23, 1998 at p. 2; see also Amended Complaint filed December 8, 1997 at ¶ 19).

We find that Martel has failed to demonstrate any "weaknesses, implausibilities, inconsistencies, incoherences, or contradictions" in the defense's proffered legitimate reasons that granting Martel Act 120 benefits was not financially feasible and that the Police Department was disbanded for lack of funding. See *supra.* The plaintiff has presented no evidence to show that a finder of fact could reasonably disbelieve the defense's articulated reasons or could believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the defen-

dants' action. The financial infeasibility is not contested since the plaintiff does not contest the validity of the actuarial report submitted by S.J. Singer Associates or Mr. Ayres' review of the report. (See Singer's report dated January 1, 1995 and Affidavit of David Ayres). Moreover, the plaintiff does not set forth any evidence to show that factors other than lack of funding caused the defendants' decisions to deny the Act 120 pension plan and to suspend and ultimately disband the Police Department.

■ Our examination of the plaintiff's testimony further convinces the court that Martel's claim for age discrimination must fail. The plaintiff testified that there were financial problems with the Municipal Police Department and that there was talk of "shutting down" the Department each year from 1992 until the actual disbandment in 1995. Martel Deposition at 20–21. The testimony of the plaintiff further stated as follows:

Q. Right. I understand that. The disbanding of the Municipal Police Department has been articulated to be due to financial reasons, correct?

A. That's what they claim, yes.

Q. *Do you have any evidence that you can share with us today that that reason is wrong, that there's some other reason?*

A. *I have no evidence, no.*

Q. *Okay. Do you have any people then whose names you can share with us who do have evidence that the reason they disbanded was not due to the fi-*

6. These options enable a plaintiff to survive summary judgment, without direct evidence, by producing "sufficient evidence to raise a genuine issue of fact as to whether the employer's proffered reasons were not its true reasons for the challenged employment action." *Walton* (citing *Sheridan v. E.I. DuPont de Nemours and Co.,* 100 F.3d 1061, 1067 (3d Cir.1996) (en banc)).

7. The defendants' intent in dismissing the plaintiff is a factual question. *Walton* (citing *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893

(3d Cir.1987)). Therefore, if [Martel] can point to evidence that calls into question [the defendants'] intent, [he] "raises an issue of material fact which, if genuine, is sufficient to preclude summary judgment." *Id.* (quoting *Chipollini* ). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

*nancial status of the Municipal Police Department but was due to some other source?*

A. *No.*

(Martel Deposition at 60 (emphasis added)). We further are not persuaded by the plaintiff's argument that the Police Department discriminated against the plaintiff by not laying off Haley in order to keep the plaintiff on full-time and, therefore, not needing to disband the Department. (See Plaintiff's brief in opposition filed November 23, 1998 at 2). We disagree. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination. *Keller* (citing *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157 (7th Cir.1996)). Moreover, the parties agree that Haley was recommended by Martel to be the plaintiff's successor upon retirement.[8] Despite the lack of evidence posited by the plaintiff, the court's independent review of the record reveals that the defendants never mentioned the plaintiff's age as a factor for any of their actions. (See also Martel Deposition at 57). Without the above-mentioned weakness and implausibilities in the defendants' legitimate explanation for their actions, there can be no inference "that the employer did not act for the asserted nondiscriminatory reasons." See *Fuentes*. Accordingly, the plaintiff's ADEA claim must fail.

■■■ The court further finds that the plaintiff's PHRA and ERISA claims must fail. The PHRA, like the ADEA, makes it unlawful for an employer to discriminate against employees on the basis of their age. See 43 P.S. § 955. Pennsylvania courts use the *McDonnell Douglas* burden-shifting analysis in deciding PHRA age discrimination claims. *Jacques v. Akzo Int'l Salt, Inc.*, 422 Pa.Super. 419, 619 A.2d 748 (1993). Having found that the plaintiff does not have a valid ADEA

claim under the *McDonnell Douglas* analysis, we must further find that the plaintiff likewise does not have a valid PHRA claim. With regard to the ERISA claims, the law is clear that ERISA is not applicable to governmental plans. We note that the plaintiff has conceded that the pension plan at issue falls within the governmental plan exception to ERISA. See 29 U.S.C. §§ 1002(32), 1003(b)(1); see also Plaintiff's brief in opposition at13. Therefore, the defendants' motion for summary judgment with respect to plaintiff's claims of age discrimination and ERISA must be granted.

■■■ Lastly, the plaintiff contends that the defendants have not moved to dismiss plaintiff's § 1983 and § 1988 claims and, therefore, any opposition to these claims has been waived. Conversely, the defendants in their reply brief state that they challenged the § 1983 claim by challenging the ADEA claim. (See Defendants' reply brief filed December 3, 1998 at 3). In the interests of justice and since the defense has addressed their opposition to plaintiff's § 1983 claim, the court finds that dismissal of the § 1983 claim is proper. The *McDonnell Douglas* shifting burden analysis applies to § 1983 cases as well as matters involving ADEA and PHRA matters. See *McKenna v. Pacific Rail Service*, 32 F.3d 820 (3d Cir.1994) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)); see also *Gregor v. Derwinski*, 911 F.Supp. 643 (W.D.N.Y.1996) (ADEA provides exclusive remedy for age discrimination); *Madden v. Runyon*, 899 F.Supp. 217 (E.D.Pa.1995) (federal employee's § 1983 claim was precluded by availability of statutory remedies for employee's claims under ADEA which was exclusive remedies for claim of federal age discrimination.); *Ford v. City of Oakwood, Ga.*, 905 F.Supp. 1063 (N.D.Ga.1995) (detailed framework of ADEA evidences congressional intent to preempt suits for

---

**8.** The court accepts the parties' representation at oral argument that the plaintiff recommended Haley as his successor.

age discrimination under § 1983.). Consequently, the court is compelled to dismiss the plaintiff's § 1983 and § 1988 claims.[9]

For the aforementioned reasons, Defendants Great Bend Borough, New Milford Borough and the Municipal Police Department's motion for summary judgment is granted. An appropriate order follows.

---

9. Section 1988 provides that "the court, in its discretion, may allow the *prevailing party* . . . a reasonable attorney's fee as part of the costs." See 42 U.S.C. § 1988 (emphasis added); see also *Mark v. Borough of Hatboro*, 51 F.3d 1137 (3d Cir.1995) (Under Section 1988, in a Section 1983 case, the court may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs) (emphasis added).